# In the United States Court of Federal Claims

No. 14-27C
(Filed: June 26, 2014)

```
* * * * * * * * * * * * * * * * * * * * * * * *
```
HEIDI PETERSON,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

```
* * * * * * * * * * * * * * * * * * * * * * * *
```

ORDER

    Plaintiff, appearing *pro se,* filed a complaint and a motion for leave to proceed *in forma pauperis* on January 13, 2014.[1] Ms. Peterson claims to be a third-party beneficiary of a contract between the Department of Housing and Urban Development ("HUD") and the city of Detroit, pursuant to which HUD furnished funds to Detroit to be used to help persons such as Ms. Peterson. She alleges that the United States breached the contract by failing to ensure that she received grant money for the removal of lead paint in her home. She alleges that she was approved by the city for a grant but HUD did not release the funds to the city due to the city's record of prior mismanagement of grant funds. She seeks unspecified monetary damages and an order directing HUD to develop alternative methods for ensuring the proper distribution of grant funds. Defendant has moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). The motion is fully briefed, and oral argument is deemed unnecessary. For the reasons set out below, this court does not have jurisdiction to provide plaintiff the relief she seeks. As a result, we grant the motion to dismiss.

    Plaintiff contends that she is a third-party beneficiary of an alleged contract between the United States, acting through HUD, and the city of

---

[1] For good cause shown, we grant the motion to proceed *in forma pauperis.*

Detroit.[2] She asserts that the contract calls for the distribution of funds by the city of Detroit to help homeowners remove lead-based paint from affected households. She argues that, as a homeowner, she falls within the class intended to be benefitted by the HUD grant funds, and, therefore, this court has jurisdiction to hear her claim.

Under the Tucker Act, 28 U.S.C. §1491(a)(1) (2012), this court has jurisdiction to hear claims for money against the federal government grounded upon a constitutional, statutory, regulatory, or contractual right to that money. *See United States v. Mitchell*, 463 U.S. 206, 218 (1983). For jurisdictional purposes, plaintiff relies solely on the existence of a contract of which she is the third-party beneficiary.

Defendant challenges jurisdiction, asserting that plaintiff is neither in privity with the United States nor is she a direct third-party beneficiary to a contract with the United States. It argues that the alleged contract was for the delivery of public services and consequently plaintiff cannot be a third-party beneficiary. Defendant also argues that plaintiff requests equitable relief, a remedy for which this court does not have jurisdiction to award.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Although plaintiff is appearing *pro se*, and *pro se* litigants are afforded latitude, that cannot excuse jurisdictional failings. *See Kelly v. U.S. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for pro se litigants only"). "Plaintiffs have the burden of establishing the court's subject matter jurisdiction over their respective claims." *Rodriguez v. U.S.*, 69 Fed. Cl. 487, 490 (Fed. Cl. 2006). Dismissal should only be granted, however, if plaintiff cannot demonstrate that she is entitled to relief. *Schuerman v. United States*, 30 Fed. Cl. 420, 425 (Fed. Cl. 1994).

When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court must accept the facts in the complaint as true and must construe allegations of the complaint in favor of the plaintiff. *Rodriguez*, 69 Fed. Cl. at 491; *Schuerman*, 30 Fed. Cl. at 425. However, the court is not confined to an examination of the complaint when considering a motion to

---

[2] For the purpose of this motion, we assume that the grant agreement between HUD and the city of Detroit, attached to defendant's motion, is a contract.

dismiss, but may look to "'evidentiary matters outside the pleadings.'" *Schuerman*, 30 Fed. Cl. at 425 (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993)). If the court determines it does not have jurisdiction, it may not proceed to decide a case on its merits, but must dismiss the claim. *See* RCFC 12(b)(1), (h)(3); *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

Plaintiff recognizes that she is not in direct privity of contract with the United States but rather alleges she is a third-party beneficiary of a contract between HUD and the city of Detroit. To determine whether a party qualifies for third-party beneficiary status, the court looks to the contract itself to see if the contracting parties intended to benefit the party claiming third-party status. *Schuerman*, 30 Fed. Cl. at 430. While it is not necessary that the plaintiff be mentioned specifically in the contract, she must fall within a class intended to be benefitted by the contract. *Montana v. United States*, 124 F.3d 1269, 1273 (Fed. Cir. 1997). In determining intent, the court may ask whether the plaintiff would be "reasonable in relying on the promise as manifesting an intention to confer a right on him." *Id.*

Even if we assumed that plaintiff falls generally within a class of homeowners intended to benefit from the monies HUD is furnishing to the city of Detroit, that fact is insufficient to confer upon the court jurisdiction to hear plaintiff's claims. When the government contracts to render services for the public good, "members of the public are considered to be incidental beneficiaries unless they can show a direct right to compensation." *Id.* at 1273 n. 6; *Rodriguez*, 69 Fed. Cl. at 493 (dismissing case for lack of subject matter jurisdiction when plaintiff found to be merely incidental beneficiary of third-party contract). "Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit." *German Alliance Ins. Co. v. Home Water Supply Co.*, 226 U.S. 220, 230 (1912). In other words, it has to be apparent from the face of the document that the contracting parties anticipated that the ultimate recipients of the federal expenditures could sue to receive those benefits. Defendant attached a copy of the contract to the motion, and, upon reviewing it, we conclude that HUD's grant to the city of Detroit does not confer upon members of the public the right to sue for breach of contract and that plaintiff is, at best, an incidental beneficiary to the contract.

Consequently, because plaintiff is neither a party to a contract with the United States nor does she qualify as a direct third-party beneficiary of such

a contract, we lack jurisdiction to hear her claims. Additionally, plaintiff requests relief in the form of an order directing the government to develop alternative methods for the distribution of HUD grant money. While we are sympathetic with plaintiff in terms of the situation in which she finds herself, the Tucker Act does not permit this court to hear claims for equitable relief except in very limited circumstances not present here. *Gonzales & Gonzales Bonds and Ins. Agency v. Dept. of Homeland Sec.*, 490 F.3d 940, 942 (Fed. Cir. 2007). Accordingly, defendant's motion to dismiss is granted. The Clerk of Court is directed to enter judgment. No costs.

ERIC G. BRUGGINK
Judge